**Richard ROUSAY, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, and Cecil P. Siler, Defendants.**

No. 860246.

Supreme Court of Utah.

Dec. 23, 1987.

Rehearing Denied Jan. 25, 1988.

---

2. Utah Code Ann. § 76-3-402(1) (Supp.1987).

3. *E.g., State v. Robbins,* 733 P.2d 132, 133 (Utah 1987) (per curiam).

Richard Rousay, pro se.

David L. Wilkinson, Alan Hennebold, and Linda Wheatfield, Salt Lake City, for defendants.

HALL, Chief Justice:

Plaintiff initiated this action to review the Industrial Commission's determination that Cecil Siler and others similarly situated were employees of plaintiff and that wages paid to them were subject to unemployment contribution under the Utah Employment Security Act. The issue is whether Siler was an employee rather than an independent contractor, as urged by plaintiff.

One of the points plaintiff raises on appeal is that his due process rights were violated when the administrative law judge at the hearing below refused plaintiff's right to call witnesses of his own. Specifically, the administrative law judge refused to issue a subpoena requiring the attendance of Wayne Clegg, an employee of the Industrial Commission. Although defendants' brief states that "Mr. Clegg had no knowledge of facts which were material to the issues of the case," the record indicates otherwise. In this regard, in a letter to the Industrial Commission, plaintiff noted that the Industrial Commission in part created and Wayne Clegg helped draft the independent contractor agreement. Plaintiff further contended that the Industrial Commission had previously determined that other individuals in Mr. Siler's situation were independent contractors. In another letter, plaintiff also apparently claimed that pursuant to chapter 4 of title 35, Utah Code Ann. (the "Employment Security Act"), Clegg had issued a decision indicating that individuals working for plaintiff were in fact independent contractors.

In response, a field auditor noted, "I have talked with Wayne Clegg of the Labor Division and have notified you of the results. Any decisions that he has made have no jurisdiction over decisions that Job Service makes." Similarly, the administrative law judge stated, "Decisions issued by the Industrial Commission concerning wages, etc., are not binding upon the Department for Unemployment Insurance Matters. Therefore, your request to have a subpoena issued to Wayne Clegg, Industrial Commission, is without merit."

Finally, the following exchange occurred during the hearing below:

Claimant: ...I also asked for Wayne Clegg to be subpoened.... Can you elaborate on your denial of Mr. Clegg?

Judge: Mr. Clegg issued a decision from the Industrial Commission—decision by the Industrial Commission concerning wages and so forth are [sic] not binding ...

Claimant: An independent contract status are [sic] not binding?

Judge: That is not binding upon this Department as far as these hearings.

Claimant: Okay. He also helped write the agreement for the independent contractors. Now on the five cent rental per day.

Judge: Okay. Did he contact our Department to determine whether ...

Claimant: This is why I asked for him to be subpoenaed, sir.

Judge: All right. Whatever decision he made, Mr. Rousay ...

Claimant: No sir. It's your decision because you denied the ...

Judge: Right. And I'll hold that. If you contest that, you can appeal that to the Board. But I see no purpose at this point in time ...

Claimant: And also the records of the notice of dismissal of these people that were listed. That was also denied. And those records were ...

Judge: No. I mentioned in there that they would be furnished ...

Claimant: If those records exist.

Judge: ...if they exist. And I contacted the Department ...

Claimant: And they do exist.

Judge: So we'll check into that with them.

Claimant: So do they—excuse me. Just to clarify this. Do those records exist?

Evans [Field Auditor]: Not in our Department.

Claimant: You have no records of these dismissals for Alan Crabtree, Dan Hardy, A. Stenbridge, Kevin Lewis, John Wyman, Steve Plumb?

Evans: None of those ...

Claimant: That is again why I asked for Mr. Clegg to be subpoenaed.

Judge: Okay. Are these matters with the Industrial Commission rather than the Department of Employment Security?

Claimant: Well those are people who were deemed to be independent contractors. Yes. That's right.

Thompson [Department Representative]: Did they file for unemployment insurance?

Claimant: I have no idea.

Thompson: Okay. We only have records of unemployment insurance here and that's all we're ...

Claimant: Well this is why I asked for these records to be called. And this is why I asked for Mr. Clegg to be here.

Judge: Okay. As I mentioned previously, Mr. Rousay, whatever the Industrial Commission has determined has no bearing in this hearing today. And we'll take ...

Claimant: Even though they ruled that these people were independent contractors? And even though they helped write the independent contractors' agreement?

Judge: That is correct, Mr. Rousay.

. . . .

Claimant: [Questioning Field Auditor Evans] Now do you have the records that —there are no records—or you have not the records from Mr. Clegg from the Industrial Commission?

Evans: I talked to him on it though.

Claimant: And he has no memory of such records or they do exist ...?

Evans: I got the information. I don't know if Ken [the administrative law judge] wanted to address Mr. Clegg's comments to me or not. It doesn't have any bearing on the case.

Judge: As I meant to mention earlier, whatever Mr. Clegg may have issued as far as other matters, it does not have any direct bearing upon this hearing.

. . . .

Judge: [Questioning claimant] Would you explain the five cent phone rental fee [which you charged Siler and others similarly situated]?

Claimant: Yes. I had been subpoenaed by the Industrial Commission of Utah and Mr. Wayne Clegg had said that these people were independent contractors and he said, "well, your agreement really doesn't come up to our standards in wanting to comply with his suggestions". That's how that rental fee came about.

Judge: So he suggested a rental fee to you in order for you to meet their standards?

Claimant: Exactly.

Judge: And when did this take place?

Claimant: That would have been about June, I think, of '82.

. . . .

Judge: When did you decide on five cents as opposed to any other figure?

Claimant: Well, that was a suggestion from Mr. Clegg.

Thompson: What was it meant to accomplish?

Claimant: To show that in fact they were renting or leasing the phones ...

This testimony and the evidence noted above certainly indicates that Clegg had material information directly bearing upon the issue of whether the Industrial Commission viewed and considered Siler and others similarly situated as independent contractors. Pursuant to Utah Code Ann. § 35-4-11 (1974 & Supp. 1987), the Industrial Commission is charged with the duty to administer the Employment Security Act, and in light of such and under the facts of this case, the administrative law

judge erred in precluding testimony and record evidence regarding Clegg's conduct and involvement in the case, his position and authority to act and make regulatory decisions on behalf of the Industrial Commission, the context, content, and basis for his decisions and his communications to plaintiff, and the regulatory force resulting therefrom. While a decision by Clegg and/or the Industrial Commission is not binding upon this Court,[1] Clegg's decision and testimony appear critically relevant and material to this case, and thus it was error for the administrative law judge to exclude it.

Because of the resolution we make of this case, we need not reach the other issues raised by defendant on appeal. The case is remanded for proceedings consistent with this decision.

I. DANIEL STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**1.** *See generally, Utah Hotel Co. v. Industrial Commission,* 107 Utah 24, 151 P.2d 467 (1944).